A98A1613. STONE v. TAYLOR et al.
(506 SE2d 161)

JOHNSON, Presiding Judge.

Jacqueline Lee Stone appeals the trial court's grant of summary judgment to Virgil Taylor, Chairman of the Bacon County Commission, and Larry Deen, Bacon County Road Supervisor, on grounds of sovereign and official immunity. We review the trial court's order

under the standard established in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), to decide whether the evidence, when taken in the light most favorable to Stone, establishes a genuine issue of fact regarding whether Taylor and Deen are entitled to immunity as a matter of law. For reasons which follow, we affirm.

Viewed in the light most favorable to Stone, the facts show as follows: In February 1994, Bacon County contracted with the Georgia Department of Transportation (hereinafter "DOT") to resurface portions of County Road 280. The DOT, in turn, contracted with an asphalt company which actually performed the resurfacing. Under the Local Assistance Road Program (hereinafter "LARP") agreement executed between Bacon County and the DOT, the county agreed to provide several services, including leveling the shoulders of the road "when applicable." The LARP agreement obligated the contractor to provide low or soft shoulder warning signs, but stated that if the contractor was not responsible for shoulder construction, the duty fell on "the local government or other."

After the repairing was completed, Taylor inspected the shoulders and testified that he found shoulder drop-offs of one to one-and-a-half inches. Taylor testified that he was responsible for weighing factors to decide what modifications, if any, needed to be made and when to make them. At the time, he took no action to level the shoulders, paint lines, or post low or soft shoulder warning signs. Taylor testified that during his inspection he "didn't see anything that dangerous anywhere" on the road. Taylor had over ten years of experience in road construction, and his decision regarding the road shoulders was based on that experience. Bacon County had no policies or procedures dealing with the leveling or other treatment of road shoulders.

Stone states in her affidavit that on the night of March 16, 1995, she was driving down the newly paved section of County Road 280, veered off the road and struck a tree. Stone asserts that the drop-off from the road surface to the shoulder was between four and seven inches at the site of her accident, and that the steep drop-off prevented her from safely steering back onto the pavement after she left the road. After Stone's accident, the shoulders of County Road 280 were leveled.

Stone sued Taylor and Deen individually and as officials of Bacon County, alleging negligent failure to carry out their "specific contractual duty" with regard to the safety of the shoulders of County Road 280. The trial court granted summary judgment to Taylor and Deen, finding them protected by sovereign and official immunity. This is an appeal from that order.

1. Sovereign immunity is the immunity provided to governmental entities and to public employees sued in their official capacities.

*Gilbert v. Richardson*, 264 Ga. 744, 749-750 (4) (452 SE2d 476) (1994). To the extent applicable, official immunity protects individual public officials and employees for torts they commit in performing their official functions. Id. at 752. Stone does not address the sovereign immunity of Taylor and Deen as Bacon County officials in her enumeration of errors or her brief submitted in support of this appeal. Instead, she focuses on the distinction between ministerial and discretionary duties necessary for deciding the individual liability of Taylor and Deen. We therefore need not address any issues deciding the sovereign immunity of Taylor and Deen as Bacon County officials and turn instead to the question of official immunity.

2. In her first enumeration of error, Stone asserts that Taylor and Deen are not protected by official immunity because the acts involved in this case are ministerial rather than discretionary. We disagree.

"Official immunity . . . is applicable to government officials and employees sued in their individual capacities." *Hemak v. Houston County School Dist.*, 220 Ga. App. 110, 112 (469 SE2d 679) (1996). "Damage suits are maintainable in this state against government officers and agents for failure to perform ministerial duties, but such officers and employees are immune from negligence claims when the acts complained of involve a discretionary function of an office. [Cit.]" *Nelson v. Spalding County*, 249 Ga. 334 (2) (a) (290 SE2d 915) (1982). Whether the acts upon which liability is predicated are ministerial or discretionary is determined by the facts of the particular case. Id.

"A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed. [Cit.]" *Joyce v. Van Arsdale*, 196 Ga. App. 95, 96 (395 SE2d 275) (1990). "A government employee who is invested with discretion and empowered to exercise his judgment in the course of execution of his duties is . . . immune from liability when performing discretionary tasks. . . . [Cit.] The question whether a duty is ministerial or discretionary turns on the character of the specific act, not the general nature of the official's position. [Cit.]" *Vertner v. Gerber*, 198 Ga. App. 645, 646 (402 SE2d 315) (1991).

We find the circumstances present in this case analogous to the ones presented to this Court recently in *Coffey v. Brooks County*, 231 Ga. App. 886 (2) (500 SE2d 341) (1998). In *Coffey*, we held that decisions by county employees regarding if and when to barricade roads during heavy rains were discretionary. Id. The decisions involved deliberations based on the officials' observations of the road surfaces

and other conditions, and on decisions regarding proper allocation of available resources. Id. Taylor's act in this case when he inspected the shoulders of County Road 280 and decided not to modify them or post warning signs was similarly discretionary. He also observed the conditions of the road and, based on his experience, made the decision not to modify the shoulders. As the County Commissioner, no one supervised him in his work or imposed upon him any specifications which had to be met. Furthermore, Stone failed to argue or provide any evidence that Deen deviated from Taylor's orders, and his proper compliance with orders protects him from suit as well. Compare *Joyce*, supra at 95.

Stone relies heavily on *Joyce*, supra, to support her assertion that the acts involved in this case were ministerial. In that case, the Board of Commissioners of Emanuel County instructed their road superintendent to close a defective bridge, and the plaintiff was injured when her car crashed because the bridge was not properly barricaded. Id. We find that case factually distinguishable from the one at issue because the road superintendent in *Joyce* had received specific instructions from his superiors and had no room to exercise his own discretion. Id. The person upon whom liability is predicated in *Joyce* is not the person who made the original decision to do the work. In this case, Taylor occupies the same position as the Emanuel County Commissioners who ordered the bridge closed in *Joyce*. Taylor's decision regarding the shoulders of County Road 280 was not controlled by instructions from his superiors or by any county policy or procedure.

Stone asserts that Taylor and Deen are liable under *Joyce* because they were engaged in the physical execution of work in such a way as to make any actions taken with regard to the road shoulders ministerial in nature. Id. This argument is unpersuasive. Stone's argument would have more merit if Taylor had ordered some modification to the road shoulders and Stone was alleging negligence in the performance of the work. Absent some action by Taylor to initiate work on the road shoulders, we find that he was not engaged in the physical execution of work as to fall under *Joyce*.

Stone asserts that the existence of the LARP agreement makes Taylor's act a ministerial one. However, this Court has recently ruled that the existence of a contract does not per se define a duty of a county official as ministerial or discretionary. *Ross v. Taylor County*, 231 Ga. App. 473 (2) (498 SE2d 803) (1998). Contrary to Stone's allegation, the language of the agreement between the DOT and Bacon County does not make Taylor's act a ministerial one. Stone contends that the LARP agreement imposed a duty on Taylor and Deen when it listed shoulder leveling among the services the county would provide. However, the language does not remove the decision regarding

leveling the shoulders from Taylor's discretion. While it is certainly possible for a contract to contain language removing all discretion from its performance, the contract under which Taylor and Deen were acting does not. The words "when applicable" allowed Taylor the discretion to decide whether leveling the shoulders was warranted under the circumstances. *Ross*, supra at 474. Based on Taylor's experience and judgment, he decided it was not.

Because we find that Taylor exercised discretion when deciding not to modify the shoulders of County Road 280, paint lane lines or post warning signs, we must affirm the trial court's grant of summary judgment to Taylor and Deen in their individual capacities.

3. Stone further asserts that Taylor and Deen were negligent in performing their duties when they measured the shoulders of County Road 280. Because of our holding in Division 2 that this was a discretionary function, Taylor and Deen can only be liable if the acts were performed with actual malice. *Crisp County School System v. Brown*, 226 Ga. App. 800, 802 (2) (487 SE2d 512) (1997). Stone does not allege and we do not find that Taylor's acts regarding County Road 280 rose to the level necessary for liability under the standard established for discretionary functions.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 14, 1998 —

*Blackwood, Matthews & Steel, James B. Matthews III*, for appellant.

*Fendig, McLemore, Taylor, Whitworth & Durham, James B. Durham, Beth M. Duncan*, for appellees.