## A01A1913. NORRIS v. EMANUEL COUNTY et al.
### (561 SE2d 240)

RUFFIN, Judge.

Augustine Norris was a passenger in a truck driven by her grandson, Travis Evans, in Emanuel County. When Evans pulled the truck over on the shoulder of the road, the shoulder collapsed, causing the truck to tip over, injuring Norris. Norris sued Emanuel County, five county commissioners, the county road superintendent, and a road crew supervisor (collectively "the defendants"), alleging that the defendants' negligence caused her injuries. The defendants

---

moved for summary judgment, asserting that they were immune from suit. The trial court granted their motion, and this appeal ensued. For reasons that follow, we affirm in part and reverse in part.

In reviewing the grant of a motion for summary judgment, we conduct a de novo review of the evidence.[1] We affirm only if the undisputed facts, viewed in the light most favorable to the nonmovant, demonstrate that the movant is entitled to judgment as a matter of law.[2]

So viewed, the record shows that Emanuel County experienced heavy rains in February and March 1998. Rainwater filled a ditch that ran along Ohoopee Road, a dirt road. The water spilled out of the ditch where Ohoopee Road intersected with Meeks Road, a paved thoroughfare, and washed out the intersection. The county brought in dirt, repaired the washout, and placed blocks in the ditch to slow the water flow. However, a subsequent storm washed the dirt away, and a local resident used his tractor to bring in more dirt. That same day, county workers attempted to grade the intersection. Evidently, however, these remedial efforts did not repair the intersection, which remained "badly eroded." According to James Woods, who lives near the intersection, Emanuel County Road Superintendent Samuel Van Arsdale inspected the damaged intersection.

On March 22, 1998, two to three weeks after the inspection, Evans and Norris were driving down Meeks Road. As Evans approached the intersection with Ohoopee Road, he was met by an oncoming vehicle. Evans pulled over to the shoulder of the road, at which point the pavement under the truck gave way, causing the truck to tip over. Norris injured her neck in the accident. The next day, Woods noticed that a sign had been placed at the intersection warning of the washout.

Norris sued Emanuel County, Van Arsdale, five county commissioners, and Franklin Glisson, grade crew supervisor, alleging that the defendants' failure to repair the intersection and/or warn of the dangerous condition caused her injuries. In her complaint, Norris further asserted that the failure "to correct this dangerous condition constitute[d] negligent performance of ministerial functions."

The defendants moved for summary judgment, asserting that the decision regarding which roads to repair following the flooding was discretionary rather than ministerial. Thus, the defendants maintained that they were immune from suit under the doctrine of official immunity. The trial court agreed, finding, "as a matter of law,

---

[1] See *Phillips v. Walls*, 242 Ga. App. 309, 310 (529 SE2d 626) (2000).
[2] See id.

that determining the extent of the work to be performed is a *discretionary function* requiring the allocation of limited resources." This appeal ensued.

1. In her first enumeration of error, Norris argues that the trial court erred in granting summary judgment on a basis that was not raised on motion for summary judgment — sovereign immunity.[3] The defendants, on the other hand, contend that "[w]hether called 'official immunity'; 'sovereign immunity'; or 'public immunity'; all of these [doctrines] refer to the same principle and defense." Thus, the defendants reason, they raised the issue of sovereign immunity by raising the issue of official immunity. We disagree.

Contrary to the defendants' contention, "sovereign immunity" and "official immunity" are not synonymous, but are separate, related doctrines.[4] Sovereign immunity, also referred to as "governmental immunity," refers to the immunity traditionally granted governmental entities, such as the state or its counties.[5] Official immunity, on the other hand, "is applicable to government officials and employees sued in their individual capacities."[6]

Here, the only officers sued in their individual capacities were Van Arsdale and Glisson. Thus, the doctrine of official immunity relates only to those two actors.[7] The remaining defendants' immunity from suit, if any, stems from sovereign immunity, an issue not raised by defendants in their motion for summary judgment. "The issues that must be rebutted on motion for summary judgment are those raised by the motion."[8] Because the defendants did not raise the issue of sovereign immunity in their motion for summary judgment, Norris was not required to rebut this issue.[9] And, in ruling in favor of the defendants based upon an argument that was not raised in the motion for summary judgment, the trial court deprived Norris

---

[3] Although Norris enumerates four errors, she does not argue them separately or sequentially, as required by Court of Appeals Rule 27 (c) (1).

Rule 27 (c) (1) is more than a mere formality. It is a requirement which this Court imposes to ensure that all enumerations of error are addressed and to facilitate review of each enumeration. By failing to comply with the rule, [Norris] has hindered the Court's review of [her] assertions and has risked the possibility that certain enumerations will not be addressed.

*John Crane, Inc. v. Wommack*, 227 Ga. App. 538 (1) (489 SE2d 527) (1997). Nonetheless, to the extent we are able to discern which enumerations are supported by authority and/or argument, we will address them. Id.

[4] See *Gilbert v. Richardson*, 264 Ga. 744, 749-750 (4) (452 SE2d 476) (1994).

[5] Id. at 749.

[6] (Punctuation omitted.) *Stone v. Taylor*, 233 Ga. App. 886, 888 (2) (506 SE2d 161) (1998).

[7] See id. at 887-888 (1).

[8] *Wynn v. Arias*, 242 Ga. App. 712, 715 (1) (531 SE2d 126) (2000).

[9] See id.

of her opportunity to respond to that issue.[10] It follows that the trial court erred in granting the defendants' motion for summary judgment on this basis.

2. In three additional, but related, enumerations of error, Norris contends that the trial court erred in granting summary judgment to Van Arsdale and Glisson.[11] Again Norris contends that the trial court improperly based its ruling on issues that were not raised in the motion for summary judgment. According to Norris, the trial court erred in basing its ruling on: (1) lack of causation; (2) the discretionary nature of Van Arsdale's repairs to the intersection; and (3) plaintiff's failure to present evidence that the Department of Transportation (DOT) regulations are binding on the county.

As discussed above, a trial court should not grant a motion for summary judgment on an issue that has not been raised, as such ruling deprives the nonmovant of a full and fair opportunity to present evidence on that issue. Contrary to Norris' contention, however, the trial court did not err in granting Van Arsdale's and Glisson's motion for summary judgment.

Norris correctly states that, as a general rule, a trial court may not grant summary judgment based upon an issue that the nonmovant has not had a chance to address.[12] What Norris fails to acknowledge, however, is that the trial court based its ruling on its conclusion that Van Arsdale and Glisson were immune from suit — an issue that was clearly raised. Indeed, the issue was raised at the outset. In Norris' complaint, she alleges that the defendants' liability is predicated upon their negligent performance of ministerial duties, which is the linchpin of any claim against a government officer or employee.[13] Accordingly, as already stated, the issue presented is whether the trial court correctly concluded that the officers are immune from suit.

"Official immunity protects public officers acting in their official capacity from suit unless they negligently perform a ministerial duty or act with actual malice or intent to cause injury while performing a discretionary duty."[14] "Whether the acts upon which liability is predicated are ministerial or discretionary is determined by the facts of

---

[10] See *Hodge v. SADA Enterprises*, 217 Ga. App. 688 (458 SE2d 876) (1995).

[11] In her brief, Norris argues that the trial court erred in granting the motion as to all defendants. Based upon our ruling in Division 1, however, the only defendants that may be entitled to summary judgment on the issue raised — official immunity — are Van Arsdale and Glisson. Accordingly, we address Norris' remaining enumerations of error only as to these two defendants.

[12] Id. at 690 (1).

[13] See *Brock v. Sumter County School Bd.*, 246 Ga. App. 815, 819 (2) (542 SE2d 547) (2000).

[14] Id.

the particular case."[15] As a general rule, ministerial acts are "simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty."[16] Discretionary acts, on the other hand, call "for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed."[17]

Here, the undisputed evidence shows that Emanuel County experienced extreme rainfall in February and March 1998, which damaged several roads. Van Arsdale testified that he had to "exercise his judgment and discretion in determining how to allocate his work forces, equipment, and time" to repair the damage. Van Arsdale further testified that there were no guidelines or procedures in place for determining how to allocate county resources. Where a decision is left to the personal judgment of government officials, such decisions are properly characterized as discretionary.[18]

The case cited by Norris does not require a different result. In *Joyce v. Van Arsdale*,[19] the DOT inspected bridges in Emanuel County. Following the inspection, DOT ordered the county to close a specific bridge. The task was allegedly performed in a negligent manner, and a woman was injured when her car collided with a barricade, which had been dismantled. Because the duty to close the bridge arose from a specific directive from the DOT, this Court concluded that the act was ministerial rather than discretionary.[20] In this case, however, there is no such specific directive.

Norris suggests that the directive is found in OCGA § 32-6-50 (c), which requires counties to install traffic-control devices. We disagree. The statute provides that the county shall place such devices "as are necessary to regulate, warn, or guide traffic."[21] And, as the trial court noted, "[t]he 'as necessary' language connotes discretion." Indeed, this case underscores the purpose behind granting immunity to county officials. Emanuel County, having sustained widespread damage as a result of storms, was a county in crisis. Van Arsdale and Glisson were placed in the unenviable position of having to allocate limited resources to repair the damage. And the allocation of limited resources requires discretion. It follows that the acts of Van Arsdale

---

[15] (Punctuation omitted.) *Kordares v. Gwinnett County*, 220 Ga. App. 848, 851 (470 SE2d 479) (1996).

[16] *Brock*, supra.

[17] Id.

[18] *Kordares*, supra.

[19] 196 Ga. App. 95 (395 SE2d 275) (1990).

[20] Id. at 96-97.

[21] OCGA § 32-6-50 (c) (1).

and Glisson were discretionary, and the trial court properly granted their motion for summary judgment.[22]

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Phipps, J., concur. Ellington, J., not participating.*

DECIDED MARCH 5, 2002.

*Kight & Baggett, Billy R. Kight, Jones, Hilburn, Claxton & Sanders, Eric L. Jones*, for appellant.

*Spivey, Carlton & Edenfield, J. Franklin Edenfield*, for appellees.