A03A1943. BROWN v. TAYLOR et al.
(596 SE2d 403)

MILLER, Judge.

Following a car accident in which she lost control of her vehicle on a poorly maintained public road, Judith Brown sued various members of the Glynn County Public Works Department. The defendants moved for summary judgment, which was granted to all defendants based on official immunity. Brown appeals, arguing that the trial court erred in concluding that the allegedly negligent defendants were shielded from liability by official immunity and accordingly erred in entering summary judgment in their favor. We discern no error and affirm.

On appeal from the grant of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553-554 (562 SE2d 731) (2002).

So viewed, the evidence reveals that Brown steered to avoid an oncoming bus on a public road in Glynn County, and in doing so ran over a six-inch drop on the broken pavement at the shoulder of the road. Brown lost control of her truck, which veered back onto the road and flipped over several times, causing injuries to Brown.

At the time of the accident, Glynn County did not have a formal written policy on inspecting and repairing roads, and roads were maintained on an "as needed" basis (i.e., when a complaint from citizens or a report from county workers was received about a road problem). No one had reported to the Public Works Department the alleged road condition near the area of Brown's accident, nor had anyone been assigned or instructed to repair any alleged defect in the shoulder of the road.

Brown sued several Glynn County Public Works employees and their supervisors, alleging that they were negligent in failing to inspect and repair the allegedly hazardous condition at the shoulder of the road. The defendants moved for summary judgment, which motion the trial court granted based on official immunity.

Brown contends that the trial court erred in granting summary judgment to the county employees in their individual capacities based on official immunity in connection with her car accident. We disagree.

As county employees, the Public Works officials are entitled to official immunity (when they are sued for negligence) when engaging in discretionary, as opposed to ministerial, acts in connection with

their official functions. As the Supreme Court of Georgia stated in *Hennessy v. Webb*, 245 Ga. 329, 330-331 (264 SE2d 878) (1980):

It is a well-established principle that a public official who fails to perform purely ministerial duties required by law is subject to an action for damages by one who is injured by his omission. However, it is equally well established that where an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as a result of an erroneous decision; provided the acts complained of are done within the scope of the officer's authority, and without wilfulness, malice, or corruption. These discretionary acts lie midway between judicial and ministerial ones. The name of the public officer or officers is immaterial, and the question depends on the character of the act. If the act done for which recovery is sought is judicial or quasi-judicial in its nature, the officer acting is exempt from liability.

(Citation, punctuation and emphasis omitted.)[1] "Whether the acts upon which liability is predicated are ministerial or discretionary is determined by the facts of the particular case. [Cit.]" *Woodard v. Laurens County*, 265 Ga. 404, 407 (2) (456 SE2d 581) (1995).

The evidence reveals that there was no formal or written policy regarding road maintenance in Glynn County at the time of Brown's accident. In addition, there was no evidence that any Glynn County Public Works employees were aware of any allegedly defective road condition in the area of Brown's accident, nor had any such defects been reported to the Public Works Department. Moreover, there was no evidence that any county employee had been instructed to inspect or repair this particular area of road where the accident occurred. Under theses circumstances, the acts upon which liability was premised in this case were discretionary. See *Kordares v. Gwinnett County*, 220 Ga. App. 848, 851-852 (470 SE2d 479) (1996); see also *Norris v. Emanuel County*, 254 Ga. App. 114, 118 (2) (561 SE2d 240)

---

[1] We note that the definition of "discretionary function" found in the Georgia Tort Claims Act (GTCA) (see OCGA § 50-21-22 (2)) does not apply here. The Supreme Court of Georgia "has continued to apply the pre-existing definition of discretionary function to cases involving the official immunity of county employees, [because] county employees fall outside the scope of the GTCA, and their actions therefore are not subject to the Act's definition of discretionary function." (Footnotes omitted.) *Brantley v. Dept. of Human Resources*, 271 Ga. 679, 680-681 (523 SE2d 571) (1999).

(2002); *Stone v. Taylor*, 233 Ga. App. 886, 888-890 (2) (506 SE2d 161) (1998); *Coffey v. Brooks County*, 231 Ga. App. 886, 889-890 (2) (b) (500 SE2d 341) (1998), rev'd in part on other grounds, *Rowe v. Coffey*, 270 Ga. 715 (515 SE2d 375) (1999). The trial court therefore did not err in granting summary judgment to the county employees.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED FEBRUARY 25, 2004 —
RECONSIDERATION DENIED MARCH 10, 2004 — 

*Waldrop & Wilson, James O. Wilson, Jr., Royal & Vaughan, Jeffrey S. Vaughan*, for appellant.

*Whelchel, Brown, Readdick & Bumgartner, Gregory T. Carter*, for appellees.