A07A0148. NICHOLS et al. v. PRATHER et al.
(650 SE2d 380)

ELLINGTON, Judge.

Pickens County Deputy Sheriff Nicholas Nichols, Sheriff Billy Wofford, and Pickens County appeal from the denial of their motion to dismiss or, in the alternative, for summary judgment in this personal injury and wrongful death case. The appellants contend that the trial court erred in denying their motion, arguing that the Pickens County Sheriff's Department is a state agency or department and, therefore, the department and its employees are entitled to the protections of the Georgia Tort Claims Act ("GTCA"), OCGA § 50-21-20 et seq. They also argue that they were entitled to other

statutory immunities. For the following reasons, we reverse the denial of summary judgment to Pickens County, but affirm the remainder of the court's judgment.

> On appeal from the grant of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law.

(Citation omitted.) *Brown v. Taylor*, 266 Ga. App. 176 (596 SE2d 403) (2004). So viewed, the evidence showed the following relevant facts.

Just after midnight on the morning of July 7, 2002, the decedent, Terri Prather, walked from the Blue Rodeo Café in Jasper toward her car, which was parked in a lot on the other side of the highway. There was no crosswalk in the immediate area. At the same time, Pickens County Sheriff's Deputy Nicholas Nichols was driving down the highway in a marked patrol car. Deputy Nichols was driving approximately 75 mph in a 50 mph speed zone, was traveling in the center turn lane, and had not activated his siren or blue lights. According to Deputy Nichols, by the time he saw Ms. Prather in the highway in front of his car, he was unable to avoid striking her. There is no evidence that Deputy Nichols applied his brakes before the collision. Ms. Prather died as a result of the impact. The title to Deputy Nichols' patrol car listed the Pickens County Sheriff's Department as the owner, and the county carried liability insurance on the car.

Ms. Prather's widower, individually and as administrator of the decedent's estate, filed a personal injury and wrongful death suit against Deputy Nichols, individually and in his official capacity as a Pickens County Deputy Sheriff. He also sued the Pickens County Sheriff, Billy Wofford, in his official capacity under a theory of respondeat superior, and the county, alleging that Deputy Nichols was acting as the county's agent. The appellants moved to dismiss the suit or, in the alternative, for summary judgment, arguing that Deputy Nichols and Sheriff Wofford were immune from liability under the GTCA, that the county could not be held liable for Sheriff Wofford's or Deputy Nichols' acts, that the county had not waived its sovereign immunity, and that Deputy Nichols was entitled to official immunity. After a hearing,[1] the trial court denied the motion. The trial court issued a certificate of immediate review, and this Court granted the appellants' application for interlocutory review.

---

[1] There is no hearing transcript in the record.

1. The appellants claim that the Pickens County Sheriff's Department is a state department or agency and, therefore, the department and its employees are subject to the provisions of the GTCA.[2] They argue that the sheriff and his employees act on behalf of the state, not the county, and that the sheriff's department is a separate entity from the county. The appellants argue that, as a result, the court should have granted their motion for summary judgment because Prather failed to give the required ante litem notice for claims that are subject to the GTCA. See OCGA § 50-21-26 (notice provisions for a claim against the state). In addition, the appellants argue that Deputy Nichols, as an employee of the sheriff's department, cannot be held individually liable under the GTCA, so the trial court should have granted summary judgment on the claim against Deputy Nichols in his individual capacity. See OCGA § 50-21-25 (a), (b) (state employees who commit torts while acting within the scope of their employment are not personally liable for their torts, and suits alleging torts by state employees must name the employer as the defendant, not the employee).

In claiming that the Pickens County Sheriff's Department, Sheriff Wofford, and Deputy Nichols are state entities, officers, or employees subject to the GTCA, the defendants primarily rely on this Court's decision in *Brown v. Dorsey*, 276 Ga. App. 851 (625 SE2d 16) (2005), in which this Court held that DeKalb County was not liable under 42 USC § 1983[3] for Sheriff Sidney Dorsey's coordination of the murder of Sheriff-elect Derwin Brown.[4] *Brown* states that, in order to state a claim against DeKalb County under § 1983, Brown's widow had to allege that a "County policymaker's acts or omissions, done under color of state law," resulted in a deprivation of Brown's federal

---

[2] The GTCA provides that the "state waives its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment." OCGA § 50-21-23 (a). The GTCA also provides, however, that the state's sovereign immunity is not waived for liability arising from the performance or failure to perform a discretionary function by a state officer or employee. OCGA § 50-21-24 (2).

[3] Under 42 USC § 1983, a person who acts under the color of law to deprive another of the "rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."

[4] The defendants also rely upon two Eleventh Circuit cases: *Manders v. Lee*, 338 F3d 1304, 1328 (V) (11th Cir. 2003) (finding that the Sheriff of Clinch County functioned as an arm of the state in establishing use-of-force training policies, that he was entitled to Eleventh Amendment immunity for those particular functions, and, therefore, he could not be sued by a Georgia citizen in federal court for 42 USC § 1983 federal rights violations without the state's permission), and *Grech v. Clayton County*, 335 F3d 1326, 1347-1348 (V) (11th Cir. 2003) (finding that Clayton County had no control over the sheriff's policies or his use of computer-based warrant information and, therefore, the county could not be held liable for the sheriff's negligence in using the system, which allegedly resulted in a § 1983 violation).

civil rights.[5] Id. at 853. In other words, in order to recover under § 1983, she had to prove that, "through a deliberate and official policy, the local governmental entity was the moving force behind the constitutional tort." (Footnote omitted.) Id. We then noted that sheriffs are elected constitutional officers, not employees of county commissions, and, therefore, counties lack control over their respective sheriffs' departments and have no authority to alter the departments' policies, even if those policies are unconstitutional. Id. at 855 (1). We held that the question of whether a sheriff is a "policymaker" for the county for purposes of holding the county liable for his actions under § 1983 must be assessed in light of the particular function in which he was engaged when taking such actions and by the allegations of the complaint. Id. at 856 (1). Ultimately, we determined that Dorsey was not acting as a "policymaker" for DeKalb County when he used his department's personnel and resources to kill Derwin Brown, so the county could not be held liable for Dorsey's violation of Brown's constitutional rights under § 1983. Id. at 856-857 (1).

The appellants argue that, pursuant to *Brown* and the Eleventh Circuit cases, Georgia's sheriffs are *always* state actors, not county actors. *Brown* and the federal cases are inapplicable to the instant case, however, because they involved the issue of immunity from liability for a sheriff's violations of the federal civil rights statute, 42 USC § 1983. In contrast, this case involves the sheriff's liability under the doctrine of respondeat superior for his deputy's negligence under Georgia's tort laws, as well as the county's liability under an agency theory. Further, contrary to the appellants' arguments, the cases upon which they rely do not hold that Georgia's sheriffs are always state officers, but stand for the proposition that, depending on the circumstances, sheriffs may be deemed state agents for the purpose of determining liability for constitutional violations under § 1983. None of the cases hold that Georgia's sheriffs and their employees are "state officer[s] or employee[s]" under the GTCA.

Instead, under the plain language of the Georgia Constitution and the GTCA, sheriffs are county officials, not state officers or employees. The Georgia Constitution specifically states that sheriffs are "county officers" who are elected by the voters of their respective counties, not through a statewide vote. Ga. Const. of 1983, Art. IX, Sec. I, Par. III (a). Further, the GTCA's definition of "State" specifically excludes counties and "other units of local government." OCGA § 50-21-22 (5). It follows that the GTCA's definition of "State officer or

---

[5] See *Mladek v. Day*, 293 FSupp.2d 1297, 1303 (I) (B) (M.D. Ga. 2003) ("Section 1983 does not impute vicarious liability upon local governments for the unconstitutional conduct of their employees. To establish local government liability, Plaintiffs must establish that the constitutional violation resulted from a policy or custom of the local government.") (citation omitted).

employee" excludes county officers and employees, and "State government entity" excludes county agencies and departments. OCGA § 50-21-22 (6), (7).

Moreover, since issuing our decision in *Brown*, this Court has decided *Freeman v. Barnes*, 282 Ga. App. 895 (640 SE2d 611) (2006), in which it considered whether the Fulton County sheriff was both a state and county employee for the purposes of the Workers' Compensation Act, OCGA § 34-9-1 et seq. In *Freeman*, this Court distinguished *Brown* and found that the sheriff was a county officer under the Act, because sheriffs are defined as county officers in the Georgia Constitution, county officers are paid solely and exclusively from county treasuries, and each county commission funds its respective sheriff's department. Id. at 899-900 (2). Similarly, in this case, it is undisputed that Pickens County paid the salaries of the sheriff and his employees, provided their health insurance and retirement benefits, and funded the sheriff's department.

Accordingly, based upon the Georgia Constitution, the GTCA, and *Freeman*, we conclude that Sheriff Wofford is a county official, that neither the sheriff nor his employees are "[s]tate officer[s] or employee[s]" under the GTCA, and that the sheriff's department is not a "state government entity" under the GTCA. Therefore, the appellants are not entitled to summary judgment on the basis that Prather failed to comply with the notice provisions of the GTCA.

2. Having decided that the GTCA does not apply in this case, we turn to the issue of whether Sheriff Wofford and Deputy Nichols can be held liable in their official capacities for the decedent's injuries. This issue is controlled by the Supreme Court of Georgia's decision in *Gilbert v. Richardson*, 264 Ga. 744 (452 SE2d 476) (1994). In *Gilbert*, the Court held that a suit against a sheriff who is sued in his official capacity under respondeat superior[6] for an employee's negligent performance of official functions (either ministerial or discretionary acts) is essentially a suit against the county. Id. at 746 (2), n. 4; see also *Seay v. Cleveland*, 270 Ga. 64, 65 (1) (508 SE2d 159) (1998) (accord). In such circumstances, the sheriff is entitled to the county's defense of sovereign immunity, but may be held liable under OCGA § 33-24-51[7] for an employee's negligent use of a motor vehicle to the

---

[6] We note that a sheriff may only be sued in his official capacity under respondeat superior for his employees' negligent performance of their official functions. *Seay v. Cleveland*, 270 Ga. 64, 65 (1), n. 1 (508 SE2d 159) (1998).

[7] OCGA § 33-24-51 provides as follows:

(a) A municipal corporation, a county, or any other political subdivision of this state is authorized in its discretion to secure and provide insurance to cover liability for damages on account of bodily injury or death resulting from bodily injury to any person or for damage to property of any person, or for both arising by reason of ownership, maintenance, operation, or use of any motor vehicle by the municipal

extent the county has waived its sovereign immunity by the purchase of automobile liability insurance. *Gilbert v. Richardson,* 264 Ga. at 754 (7). Similarly, this Court has ruled that a deputy who is sued in his official capacity for his allegedly negligent use of a county-owned patrol car is entitled to the county's sovereign immunity, but that the sovereign immunity is waived under OCGA § 33-24-51 to the extent the county purchased automobile liability insurance on the car. *Standard v. Hobbs,* 263 Ga. App. 873, 878 (2) (589 SE2d 634) (2003).

The appellants argue, however, that OCGA § 33-24-51 does not apply to the sheriff's department or its employees. They rely on two Court of Appeals cases for the proposition that the purchase of liability insurance did not waive the sovereign immunity of two county school systems and the systems' employees. See *Crisp County School System v. Brown,* 226 Ga. App. 800 (487 SE2d 512) (1997) (parent sued her daughter's teacher and the county school system after the child fell off the monkey bars during gym class); *Davis v. Dublin City Bd. of Ed.,* 219 Ga. App. 121 (464 SE2d 251) (1995) (parent sued her son's principal and the county board of education after the child tripped on a rug and fell through a glass door at school). Neither of those cases, however, involved the use of an automobile that was covered by liability insurance, so the cases are clearly distinguishable from the instant case. In fact, in *Crisp County School System v. Brown,* we specifically distinguished *Gilbert* on the basis that the waiver of sovereign immunity provided by OCGA § 33-24-51 pertained only to automobile liability insurance purchased by the county and that no such insurance was involved in the Crisp County case. Further, as shown in the previous paragraph, the appellants' argument conflicts with binding precedent from both the Supreme Court and this Court. Therefore, this argument lacks merit.

---

corporation, county, or any other political subdivision of this state under its management, control, or supervision, whether in a governmental undertaking or not, and to pay premiums for the insurance coverage.

(b) The sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived as provided in Code Section 36-92-2. Whenever a municipal corporation, a county, or any other political subdivision of this state shall purchase the insurance authorized by subsection (a) of this Code section to provide liability coverage for the negligence of any duly authorized officer, agent, servant, attorney, or employee in the performance of his or her official duties in an amount greater than the amount of immunity waived as in Code Section 36-92-2, its governmental immunity shall be waived to the extent of the amount of insurance so purchased.

See also OCGA § 36-92-2 (a) (waiving the sovereign immunity of local government entities for losses arising from the negligent use of a covered motor vehicle and setting the maximum amount for which immunity is waived; the statute applies to incidents occurring on or after January 1, 2005).

Accordingly, Sheriff Wofford and Deputy Nichols were not entitled to summary judgment on Prather's claims against them in their official capacities, because they could be held liable to the extent that the county waived its sovereign immunity by the purchase of automobile liability insurance, pursuant to OCGA § 33-24-51.

3. The appellants contend that the trial court improperly denied summary judgment to Pickens County. They argue that the county cannot be held liable for Deputy Nichols' acts under an agency theory, because the deputy was an employee of the sheriff's department, not the county. Although the county's liability insurer will necessarily pay for any judgment against Sheriff Wofford and Deputy Nichols in their official capacities in this case,[8] we agree that it is improper to name Pickens County as a defendant in this suit.

As this Court has held, "[d]eputy sheriffs and deputy jailors are employees of the sheriff, whom the sheriffs alone are entitled to appoint or discharge. They have no duties save alone duties of the sheriff, which as his deputy and his agent they are by law authorized to perform. The sheriff, and not the county, is liable for the misconduct of his deputies." (Citation and punctuation omitted.) *Brown v. Jackson*, 221 Ga. App. 200, 201 (2) (470 SE2d 786) (1996). Therefore, the county cannot be held vicariously liable for Deputy Nichols' alleged negligence. *Lowe v. Jones County*, 231 Ga. App. 372, 373 (2) (499 SE2d 348) (1998); *Brown v. Jackson*, 221 Ga. App. at 201 (2). Consequently, the trial court erred in denying summary judgment to Pickens County.

4. Finally, the defendants argue that, even if the GTCA does not apply in this case, Deputy Nichols was performing a discretionary act at the time he collided with the decedent; that is, he was patrolling the area and looking for intoxicated drivers. Therefore, they contend that Deputy Nichols was entitled to official immunity from personal liability and that the trial court should have granted summary judgment to him on that basis.

Generally, governmental employees who are sued in their individual capacities for discretionary acts performed within the scope of their employment are entitled to official immunity. Ga. Const. 1983, Art. I, Sec. II, Par. IX (d); *Gilbert v. Richardson*, 264 Ga. at 752 (6); *Brown v. Taylor*, 266 Ga. App. at 176-177; *Standard v. Hobbs*, 263 Ga. App. at 875 (1).

---

[8] See Division 2, supra.

The doctrine of official immunity, also known as qualified immunity, offers public officers and employees limited protection from suit in their personal capacity. Qualified immunity protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption. Under Georgia law, a public officer or employee may be personally liable only for ministerial acts negligently performed or acts performed with malice or an intent to injure. The rationale for this immunity is to preserve the public employee's independence of action without fear of lawsuits and to prevent a review of his or her judgment in hindsight.

(Citation and punctuation omitted.) *Standard v. Hobbs*, 263 Ga. App. at 875 (1).

A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.

(Citation and punctuation omitted.) Id. "Whether the acts upon which liability is predicated are ministerial or discretionary is determined by the facts of the particular case." (Citation and punctuation omitted.) *Brown v. Taylor*, 266 Ga. App. at 177 (noting that the definition of "discretionary function" found in the GTCA does not apply to county employees because they fall outside the scope of the GTCA).

Although the question of whether a governmental employee is entitled to official immunity is a question of law that must ultimately be decided by the trial court, when the relevant facts concerning the employee's behavior at the time of the alleged tort are in dispute, the court cannot resolve the factual issues on a motion for summary judgment. *Outlaw v. Nasworthy*, 250 Ga. App. 362, 364 (1) (551 SE2d 785) (2001). Instead, a jury must resolve the conflicts in the facts. Id. The trial court may then determine whether the employee's acts were discretionary or ministerial and, thus, whether the employee is entitled to official immunity. Id.

Under the facts presented in this case, a jury issue remains as to what Deputy Nichols was doing at the time he collided with Prather. See *Outlaw v. Nasworthy*, 250 Ga. App. at 364 (1) (finding that a jury

issue existed regarding the police officer's actions at the time he arrested the plaintiff); *McLemore v. City Council of Augusta*, 212 Ga. App. 862, 865 (4) (443 SE2d 505) (1994) (finding that a jury issue existed regarding the officer's actions that led to the collision). Once the factual issues are resolved, the trial court can then determine whether Deputy Nichols is entitled to official immunity. *Outlaw v. Nasworthy*, 250 Ga. App. at 364 (1); see *McLemore v. City Council of Augusta*, 212 Ga. App. at 865 (4) (noting that "if [the officer] was responding to an emergency call of [another] officer his allegedly negligent act would be discretionary in nature; however, if he had returned to routine patrol his conduct would be considered ministerial in nature") (citation omitted); see also *Gilbert v. Richardson*, 264 Ga. at 752 (6) (finding that a deputy sheriff was exercising discretion when she rushed to backup another officer in response to an emergency call and, therefore, was immune from personal liability); *Logue v. Wright*, 260 Ga. 206, 207-208 (1) (392 SE2d 235) (1990) (deputy's decision to rush to the scene of a fight was a discretionary act for which he was immune from liability, even if he acted negligently by failing to activate his lights or siren).

Accordingly, Deputy Nichols was not entitled to summary judgment on the basis of official immunity for Prather's claims against him in his individual capacity.[9]

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Adams, J., concur.*

DECIDED JULY 16, 2007 —
RECONSIDERATION DENIED JULY 31, 2007 —

*Hall, Booth, Smith & Slover, W. Scott Henwood, Phillip E. Friduss*, for appellants.

*Weaver & Weaver, George W. Weaver, Davis, Kreitzer, Kemp, Joiner & Melton, John W. Davis, Jr., F. Gregory Melton, Edmond & Jones, Craig T. Jones, Landrum & Friduss, Ellen L. Ash, David A. Webster*, for appellees.

---

[9] We note that, even if Deputy Nichols is entitled to official immunity for claims against him in his individual capacity, that immunity does not extend to Sheriff Wofford. *Gilbert v. Richardson*, 264 Ga. at 753-754 (7) ("Under the doctrine of respondeat superior, a principal has no defense based on an agent's [official] immunity from civil liability for an act committed in the course of employment.") (citation omitted).

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Devon Orland, Senior Assistant Attorneys General,* amici curiae.