### A08A2054. KENNEDY v. MATHIS.
(676 SE2d 746)

MILLER, Chief Judge.

Alex Kennedy sustained serious physical injuries when his motorcycle collided with a vehicle driven by Beverly Mealer. Kennedy

---

sued Mealer for negligence and sued Luther Mathis, road superintendent for Fannin County, and Fannin County, alleging negligent performance of a ministerial duty to cut back sight-obstructing vegetation along a county roadway. The trial court thereafter dismissed Fannin County from the case, and Kennedy settled with Mealer. Kennedy now appeals from the trial court's grant of summary judgment in favor of Mathis arguing that: (i) the act of cutting back vegetation on the county right of way is a ministerial duty to which the doctrine of official immunity does not apply, and (ii) material issues of fact remain regarding Mathis' negligence. Discerning no error, we affirm.

> In order to prevail on a motion for summary judgment under OCGA § 9-11-56, the moving party must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. Moreover, on appeal from the denial or grant of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citations and punctuation omitted.) *Benton v. Benton*, 280 Ga. 468, 470 (629 SE2d 204) (2006).

So viewed, the evidence shows that on July 22, 2006, Mealer backed her vehicle out of her parents' driveway into Goss Road directly in the path of a motorcycle driven by Kennedy. Kennedy sustained serious physical injuries including a fractured back, lacerated liver, and fractured right leg. Mealer was issued citations for, and pled guilty to, improper backing (OCGA § 40-6-240 (a)) and failure to yield the right of way (OCGA § 40-6-72). In her deposition, however, Mealer testified that the vegetation along Goss Road partially obstructed her view of the road as she was backing out of the driveway. When asked whether the sight-obstructing bushes were on her parents' property or the neighbor's property, she stated that "it's right at the line. I'm not sure."

At all relevant times, Mathis was the road superintendent of Fannin County and supervised a crew of approximately 50 employees who directly performed the work of cutting back vegetation along county roads. At the time of the collision, Fannin County had no written policies or procedures for maintaining its roads and public rights of way. Mathis testified that the county had an unwritten policy, which was followed by his predecessors, that only required his

department to cut back the vegetation from "ditch to ditch" for all county roads, including Goss Road. The work included bushhogging the grass and cutting back tree limbs and vegetation believed to be in the ditch to ditch area, i.e., that area from the edges of the roadway to the ditches paralleling the roadway. This task was to be performed twice a year. Fannin County does not maintain and/or use any right of way beyond the "ditch to ditch" area, as individual landowners maintain that area.

Mathis' crews would start "at one end of the county and go all the way through the county" and as they "come to each road, they mow it as they come to it." Neither Mathis nor any other person accompanied the crews to direct them regarding the manner in which vegetation should be cut back. Mathis only checked the quality of his employees' work in the event of a complaint. The employees kept a diary of the roads they bushhogged to determine which roads to cut next. At all relevant times, the grass and vegetation growing in the ditch to ditch area along and immediately above such area was cut back.

1. Kennedy argues that the trial court erred in granting summary judgment in favor of Mathis based on the doctrine of official immunity because the act of cutting back vegetation along the county right of way was ministerial, not discretionary. We disagree.

The doctrine of official immunity provides that although a public officer or employee may be held personally liable for his negligent ministerial acts, "he may not be held liable for his discretionary acts unless such acts are wilful, wanton, or outside the scope of his authority. [Cits.]" *Gilbert v. Richardson*, 264 Ga. 744, 752 (6) (452 SE2d 476) (1994). It is undisputed that Mathis did not act with malice or intent to injure. Therefore, the sole issue is whether the duty to remove sight-obstructing vegetation along Goss Road is a discretionary or ministerial act.

> A ministerial act is . . . one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed. Procedures or instructions adequate to cause an act to become merely ministerial must be so clear, definite and certain as merely to require the execution of a relatively simple, specific duty.

(Citation omitted.) *Banks v. Happoldt*, 271 Ga. App. 146, 149 (2) (608 SE2d 741) (2004). "Whether the acts upon which liability is predi-

cated are ministerial or discretionary is determined by the facts of the particular case. [Cit.]" Id.; *Brown v. Taylor*, 266 Ga. App. 176, 177 (596 SE2d 403) (2004) (where Glynn County had no formal or written policy regarding road maintenance and no evidence showed any defective road conditions in the area of the accident, the acts upon which liability was premised were discretionary). "The determination as to whether an action is discretionary or ministerial depends on the character of the specific actions complained of, not the general nature of the job[.]" (Citation and punctuation omitted.) *Clive v. Gregory*, 280 Ga. App. 836, 842 (2) (635 SE2d 188) (2006).

The allegations in this case surround the execution of an unwritten county policy to cut back vegetation obstructing the right of way on Goss Road. Since there was no written directive concerning the procedure or manner in which to cut back vegetation on the roadways other than a requirement that the task should be performed twice a year, the road crews and Mathis, as supervisor, were allowed to exercise their own judgment and discretion in determining how to fulfill this task, including the use of bushhogs and pruning equipment. Further, Mathis had to exercise discretion in determining "if the road department had sufficient resources to so maintain the right of way along each County road and whether such activity would be the best use of said resources." See *Norris v. Emanuel County*, 254 Ga. App. 114, 118 (2) (561 SE2d 240) (2002) (where county road superintendent had to "exercise his judgment and discretion in determining how to allocate his work forces, equipment, and time" to repair road damage in the absence of a specific directive from the Department of Transportation, such decision was discretionary) (punctuation omitted).

In the absence of any standards or guidelines dictating the manner, method, and time limit for completing the task, Mathis necessarily was vested with discretion. See *Murray v. Ga. Dept. of Transp.*, 284 Ga. App. 263, 269 (3) (644 SE2d 290) (2007) (actions necessary to install a traffic signal were discretionary in the absence of any specific time limit for the installation); see also *Banks*, supra, 271 Ga. App. at 151 (2) (road superintendent's duty to widen and repair road was discretionary in the absence of any mandated county policy directing his actions). Further, county road officials "necessarily [have] discretionary powers as to what work should be done, when, how and where necessary." *Vickers v. Motte*, 109 Ga. App. 615, 617 (137 SE2d 77) (1964); accord *Hennessy v. Webb*, 245 Ga. 329, 331 (264 SE2d 878) (1980) ("there is no liability on the part of a county commissioner in deciding when and how to work on roads because such a decision was discretionary") (citation omitted); *Stone v. Taylor*, 233 Ga. App. 886 (506 SE2d 161) (1998) (where the county

had no policy or procedures dealing with the leveling or other treatment of road shoulders, and because the decision concerning leveling of the road involved deliberations based on the official's observation of the road surface and other conditions, the act was discretionary).

The cases Kennedy relies on are inapposite because in each of those cases, unlike here, the act at issue arises under "conditions admitted or proven to exist," that is, a known hazard or established county policy, requiring the mere execution of a specific duty. *Banks*, supra, 271 Ga. App. at 149 (2); *Joyce v. Van Arsdale*, 196 Ga. App. 95, 97 (395 SE2d 275) (1990) (road superintendent's actions in erecting road barricade and posting warning signs were ministerial where county commission directed him to erect barricade); *Lincoln County v. Edmond*, 231 Ga. App. 871, 874 (501 SE2d 38) (1998) (county policy required road official to remove fallen tree from a county road once he received notice of it, making his duty to do so ministerial); *Standard v. Hobbs*, 263 Ga. App. 873, 876 (1) (589 SE2d 634) (2003) (action is ministerial only if county creates policy requiring certain actions under certain situations); *Nelson v. Spalding County*, 249 Ga. 334, 336 (2) (a) (290 SE2d 915) (1982) (where county policy required county employee to replace and repair stop signs once he was notified of a problem, his actions were ministerial); *Wanless v. Tatum*, 244 Ga. App. 882, 884 (536 SE2d 308) (2000) (county policy directing county employees to record citizen complaints and forward complaints for investigation was ministerial duty). Here, Mathis' duty to cut back vegetation does not arise out of established policy requiring specific actions under certain situations.

Because the act of cutting back vegetation in the ditch to ditch area involved deliberations based on the road crews' observation of grass and vegetation from different vantage points on the roadways, the act was discretionary. See *Stone*, supra, 233 Ga. App. at 886. The simple fact that the policy was unwritten shows that there was no established policy addressing the timing, manner or method of execution for this task. "Absent such [specific guidelines], [Kennedy] cannot establish that [Mathis'] actions were ministerial — namely, that the [policy to cut back vegetation was] so clear, definite and certain as merely to require the execution of a relatively simple, specific duty." (Citation and punctuation omitted.) *Banks*, supra, 271 Ga. App. at 150 (2); see also *Brown*, supra, 266 Ga. App. at 177.

Accordingly, the trial court properly granted summary judgment in favor of Mathis. *Benton*, supra, 280 Ga. at 470; see also *Banks*, supra, 271 Ga. App. at 148 (2) (holding that the rationale behind official immunity "is to preserve [a] public employee's independence of action without fear of lawsuits and to prevent a review of his or

her judgment in hindsight").

2. Kennedy argues that since issues of material fact exist as to whether Mathis was negligent in the performance of a ministerial task, the trial court erred in granting summary judgment in favor of Mathis. In light of our holding in Division 1, we need not reach this issue.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MARCH 16, 2009 —
RECONSIDERATION DENIED APRIL 3, 2009

*Lloyd N. Bell, James D. Summerville*, for appellant.
*Womack, Gottlieb & Rodham, Ronald R. Womack, Steven M. Rodham, Downey & Cleveland, Joseph C. Parker*, for appellee.