A11A0973. HENDRICKS v. DUPREE.

(714 SE2d 739)

McFADDEN, Judge.
    J. Allen Hendricks, the Roads Superintendent of the Clinch County Roads Department, appeals the order denying his motion for summary judgment in Dustin Matthew Dupree's personal injury action. We agree with Hendricks that he is entitled to summary judgment on the ground of official immunity and thus reverse the trial court.
    Dupree was injured when his all terrain vehicle struck a concrete culvert on the shoulder of a county road and overturned. He alleged that Hendricks was liable as Superintendent of the Clinch County Roads Department for failing to maintain the shoulder of the road and for failing to properly train and supervise the employees who cut the grass. He also alleged that the county was liable for negligently designing the road to include the culvert.
    Hendricks and the county moved for summary judgment. The trial court granted summary judgment to the county on the ground of sovereign immunity. The court denied Hendricks's summary judgment motion. Hendricks now appeals pursuant to *Board of Regents of the Univ. System of Ga. v. Canas*, 295 Ga. App. 505, 507 (1) (672 SE2d 471) (2009) (collateral order doctrine permits a direct appeal from an interlocutory ruling that determines that governmental actor is not immune from suit on the basis of sovereign immunity).

> [O]n appeal from the denial of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citations and punctuation omitted.) *Hood v. Todd*, 287 Ga. 164, 165 (695 SE2d 31) (2010).

So viewed, the evidence shows that on May 5, 2007, Dupree was riding an all terrain vehicle on Antioch Church Road. Dupree left the paved roadway and entered the grassy shoulder. He struck a concrete culvert, was thrown from his vehicle, and was seriously injured. The height of the grass on the shoulder made it hard to see the culvert.

The Clinch County Roads Department was responsible for maintaining the shoulder of Antioch Church Road. Hendricks, as Roads Superintendent, would prioritize the crew's tasks and determine how to allocate the department's resources. Hendricks and his crew began cutting grass in June of each year and then stopped at the end of September or the first of October. The road crew had not begun cutting grass for the year when Dupree had his accident on May 5. The last time the road crew had cut the grass in that area was October 2006, at the end of the 2006 mowing season.

1. Hendricks argues that he is entitled to summary judgment on the ground of official immunity. Official immunity protects public officers and employees from claims brought against them in their personal capacities when they are sued for discretionary acts taken within the scope of their employment and without actual intent to injure. *Wendelken v. JENK LLC*, 291 Ga. App. 30, 31 (1) (661 SE2d 152) (2008). In Georgia,

> a public officer or employee may be personally liable only for ministerial acts negligently performed or acts performed with malice or an intent to injure. The rationale for this immunity is to preserve the public employee's independence of action without fear of lawsuits and to prevent a review of his or her judgment in hindsight.

(Citation and punctuation omitted.) *Grammens v. Dollar*, 287 Ga. 618, 619 (697 SE2d 775) (2010). And while the supervision of the execution of ministerial acts is itself ministerial, see *Mathis v. Nelson*, 79 Ga. App. 639, 642 (2) (54 SE2d 710) (1949), the supervision of discretionary acts is discretionary. See *Coffey v. Brooks County*, 231 Ga. App. 886, 892 (2) (e) (500 SE2d 341) (1998), reversed in part on other grounds, *Rowe v. Coffey*, 270 Ga. 715 (515 SE2d 375) (1999).

Dupree argues that although Hendricks had the discretion to decide whether or not to have the grass cut, once he made the decision, his actions in supervising the cutting were ministerial and he is not entitled to immunity. In support, Dupree cites *Mathis*, supra. In *Mathis*, the plaintiff was injured when the car in which he was a passenger collided with a tractor that was driving on the wrong

side of the road, before dawn, without headlights. The tractor was being used in the maintenance of a county road. The plaintiff named as a defendant the warden of a prison camp, who had responsibility to supervise the maintenance of the road. In ruling that the plaintiff's suit could proceed against the warden, we broadly held that once a decision has been made to engage in the work of keeping the road in repair,

> the actual progress of such work by a local government is of a ministerial character, and . . . the duties of a road supervisor in carrying out the physical details of the work are likewise ministerial in nature. Likewise, the supervision and control by the road supervisor of a subordinate who is actually running the road machine are of the same character.

Id. at 642 (2).

On the other hand, in *Kennedy v. Mathis*, 297 Ga. App. 295 (676 SE2d 746) (2009), we expressly held that the work of cutting back vegetation along a roadway is discretionary. We noted that the defendant road superintendent supervised the crew that directly performed the work; that the county had no written policies for maintaining the roads; and that the road crews would start "at one end of the county and go all the way through the county." Id. at 297. We concluded that where there is no established policy addressing the timing, manner or method of execution of the task, the act of cutting back vegetation along a roadway is discretionary because it "involve[s] deliberations based on the road crews' observation of grass and vegetation from different vantage points on the roadways." Id. at 299 (1).

Here, Hendricks testified that the roads department is responsible for maintaining all county roads and culverts, and mowing beside the county roads. Hendricks's supervisor, the board of commissioners, does not give orders regarding grass cutting. Instead, Hendricks's crew would "just start mowing . . . and go around and around in a regular route." The roads department had no manual directing the work, nor any county policy directing the manner in which the grass was to be cut. There were no requirements as to the height the grass had to be mowed. The roads department did not train employees in cutting the grass, assuming that they naturally could pick up the necessary skills.

Relying on *Mathis*, Dupree contends that once Hendricks decided to cut the grass along the shoulder of Antioch Church Road, the actual progress of the work was ministerial, and his supervision of the crew members carrying out the ministerial work was likewise

ministerial. But *Kennedy* is more closely on point, and Dupree has not shown any reason to depart from the holding in *Kennedy*. Here, as in *Kennedy*, supra, there was no established policy addressing the timing, manner or method of execution of the cutting of the grass. Consequently, as in *Kennedy*, we conclude that the task at issue was discretionary. Accordingly, Hendricks is immune from Dupree's action, and the trial court erred in denying his motion for summary judgment.

2. Because we hold that Hendricks is entitled to summary judgment on immunity grounds, we do not reach his argument that the statute of limitation bars Dupree's negligent supervision and training claim.

*Judgment reversed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JULY 21, 2011.

*Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, Richard K. Strickland*, for appellant.

*Jean E. Johnson, Jr., Willard T. Bullock IV*, for appellee.