# Court of Appeals
# of the State of Georgia

ATLANTA,    May 09, 2012

*The Court of Appeals hereby passes the following order:*

**A12I0204.   AGNES SCOTT COLLEGE, INC., ET AL. v. AMANDA HARTLEY.**

Amanda Hartley sued Agnes Scott College and several college police officers for false arrest, false imprisonment, intentional infliction of emotional distress, and punitive damages.  The defendants filed a joint motion to dismiss.  The individual police officers argued that they were immune from suit on official immunity grounds. Agnes Scott asserted that the complaint failed to state a claim against it.  The trial court denied the motion, and the defendants filed a joint application for interlocutory appeal.

In *Board of Regents v. Canas*, 295 Ga. App. 505, 507 (1) (672 SE2d 471) (2009), we held that the collateral order doctrine[1] permits a direct appeal from an order "that denies a motion to dismiss, based on a conclusive determination that the State (or a state officer or employee) is not immune from suit on the basis of sovereign immunity." Our decision hinged on the principle that "sovereign immunity is an immunity from suit, rather than a mere defense to liability, and is effectively lost if a case is erroneously permitted to go to trial."  (Citation omitted.)  Id.

Official immunity protects public officers and employees from claims brought against them in their personal capacities when they are sued for discretionary acts

---

[1] Under this doctrine, an interlocutory order may be appealed directly if it: (1) resolves an issue that is substantially separate from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal. *Britt v. State*, 282 Ga. 746, 748 (1) (653 SE2d 713) (2007).

taken within the scope of their employment and without actual intent to injure. *Wendelken v. JENK LLC*, 291 Ga. App. 30, 31 (1) (661 SE2d 152) (2008). Like sovereign immunity, official immunity is "an entitlement not to stand trial rather than a mere defense to liability." (Punctuation and footnote omitted.) *Cameron v. Lang*, 274 Ga. 122, 124 (1) (549 SE2d 341) (2001). The rationale of *Canas*, therefore, applies with equal force in the official immunity context. Simply put, an order conclusively holding that a defendant is not entitled to official immunity falls within the scope of the collateral order doctrine and may be appealed directly.[2] See *Hendricks v. Dupree*, 311 Ga. App. 96 (714 SE2d 739) (2011).

"This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004). Accordingly, this application for interlocutory appeal is hereby GRANTED. The defendants shall have ten days from the date of this order to file a notice of appeal in the trial court. If they have already filed a timely notice of appeal, however, they need not file a second notice. The clerk of the trial court is directed to include a copy of this order in the records transmitted to this Court.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, 05/09/2012
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, Clerk.

---

[2] Although the trial court's ruling as to Agnes Scott does not fall within *Canas*, we may review the ruling on direct appeal pursuant to OCGA § 5-6-35 (d).