## 42004. WILSON v. UNION LABOR LIFE INSURANCE COMPANY.

PANNELL, Judge. A group policy for employees, sued upon in the present case, insures for loss of time, hospital, surgical and medical benefits and provides for the eligibility of persons to be insured on the effective date of the policy, and provides that subsequently a person must work a minimum of 300 hours during an "eligibility quarter" of three named months in order to be eligible for insurance for the subsequent "insurance quarter" of three named months, and provides that a person's insurance shall terminate upon the occurrence of certain events among which is "the last day of an insurance quarter if a person's contributed work hours in the applicable eligibility quarter and reserve account hours combined, is insufficient to qualify him for the next insurance quarter . . ." and that "each person previously insured under this policy and whose *insurance has been terminated* for reasons other than leaving the jurisdictional area *and who subsequently enters an eligible class shall again be insured on the first day of the next insurance quarter* provided such person has accumulated at least 300 contributed work hours with participating employers in the applicable eligibility quarter of the qualifying schedule," and also that *"except as provided below, each person shall become insured on the date he becomes eligible. Exception:*

Each person *not at active full-time work or available for work on the date he would otherwise become insured shall not be insured, but shall become insured on the date he subsequently returns to active full-time work or becomes available for work."* Held:

Where the plaintiff claimant, suing upon such a policy in the present case, is not eligible or insured for the "insurance quarter" of July, August and September because he failed to work the minimum of 300 hours during the "eligibility quarter" of March, April and May, is confined to a hospital on September 28, and was not at active full-time work or available for work on the first day of October, which was the first day of the insurance quarter of October, November and December, on which day he would otherwise have again become eligible and insured because he had worked the required minimum of 300 hours during the eligibility quarter of June, July and August, does not become so insured because of the terms of the exception in the policy. Accordingly, the trial judge to whom the case was submitted for trial without a jury upon a stipulation of facts as above set forth, did not err in rendering a judgment in favor of the defendant.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

ARGUED MAY 2, 1966— DECIDED SEPTEMBER 6, 1966—REHEARING DENIED SEPTEMBER 23 AND OCTOBER 6, 1966.

*Haas, Holland, Freeman, Levison & Gibert, Richard N. Hubert,* for appellant.

*Hansell, Post, Brandon & Dorsey, Charles E. Watkins, Jr.,* for appellee.