## 70485. SMITH v. FOUNDERS LIFE ASSURANCE COMPANY OF FLORIDA.
### (333 SE2d 5)

BANKE, Chief Judge.

Daisy Smith sued Founders Life Assurance Company to recover $22,000 in death benefits allegedly owed her pursuant to a group insurance policy covering the employees of the Macon-Bibb County Water and Sewerage Authority, which had employed her deceased husband, George Edward Smith, prior to his death. She also sought a bad-faith penalty, punitive damages, and attorney fees pursuant to OCGA § 33-4-6. Concluding as a matter of law that Mr. Smith was not covered under the terms of the policy, the trial court granted the insurance company's motion for summary judgment and denied Mrs. Smith's motion for summary judgment. Mrs. Smith appeals.

After working for the Macon-Bibb County Water and Sewerage Authority for many years, Mr. Smith was forced to cease working on March 24, 1983, due to the illness which ultimately resulted in his death. At the time of his death, which occurred on June 6, 1983, he was considered by the Authority to be a full-time employee on sick leave.

Prior to June 1, 1983, the Authority's employees, including Mr. Smith, had been covered by a policy of group insurance issued by Prudential Insurance Company. The Prudential policy expired on that date and was replaced by a policy issued by the appellee, Founders Life Assurance Company. Founders Life denied Mrs. Smith's claim for death benefits on the ground that Mr. Smith had not been "actively employed" or "actively working" between the effective date of the policy and the date of his death. Thereafter, Mrs. Smith submitted a claim for death benefits to Prudential Insurance Company, which paid her the full amount of such benefits due under the terms of its policy.

The Founders policy specifies that "each employee actively employed 30 or more hours per week . . . on the date of issue hereof is eligible for insurance from the date of issue . . ." However, the policy further provides as follows: "EFFECTIVE DATES OF INSURANCE. Each eligible employee shall become insured automatically on the date he becomes eligible for insurance *except that an employee who is not actively at work . . . on such date shall not become insured until the next following day on which he is actively at work . . .*" (Emphasis supplied.) The term "actively at work" is defined elsewhere in the policy to mean "the actual expenditure of time and energy in the service of the employer . . ."

Although Mr. Smith was undoubtedly "actively employed" by the Authority at the time of his death and was thus an "eligible" employee under the terms of the policy, it is undisputed that he had not

been "actively at work" at any time between the date of his death and the policy's issue date. Therefore, under the unambiguous provisions of the policy governing the "effective dates of insurance," the coverage never took effect as to him. It necessarily follows that the trial court was correct in granting Founders Life's motion for summary judgment and in denying the appellant's motion for summary judgment. Accord *Wilson v. Union Labor Life Ins. Co.*, 114 Ga. App. 330 (151 SE2d 550) (1966). We reject the appellant's contention that a fact issue exists as to whether the coverage became effective by estoppel, there being no suggestion in the record that Founders Life ever collected any premium payments from Mr. Smith, through the agency of his employer or otherwise. This fact distinguishes the present case from such cases as *Cason v. Aetna Life Ins. Co.*, 91 Ga. App. 323, 332 (85 SE2d 568) (1954), and *American Home Mut. Life Ins. Co. v. Harvey*, 99 Ga. App. 582 (1) (b) (109 SE2d 322) (1959). See generally *Dawes Mining Co. v. Callahan*, 246 Ga. 531, 533-534 (272 SE2d 267) (1980); *McFarland v. Business Men's Assur. Co.*, 105 Ga. App. 209 (4) (124 SE2d 432) (1962).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED JUNE 10, 1985 —
REHEARING DENIED JUNE 28, 1985.

*John R. Francisco*, for appellant.
*Lamar W. Sizemore, Jr., William H. Major*, for appellee.