A10A1839. EFFINGHAM COUNTY et al. v. RHODES.
(705 SE2d 856)

ANDREWS, Presiding Judge.

We granted Effingham County and County Commissioner Myra Lewis's petition for interlocutory review of the trial court's order denying their motion for summary judgment on sovereign immunity grounds. For the following reasons, we reverse.

Deborah Rhodes sued the County and Lewis, the chairperson of the Board of County Commissioners,[1] after the car she was driving "hit a hole measuring approximately three feet in length." The complaint alleges that defendant Savannah River Utility "was responsible for the hole in the roadway," and each defendant was negligent for failing to maintain and repair the roadway and/or for failing to warn of a known hazard.

The County and Lewis moved for summary judgment on the basis that they were immune from suit, and the trial court denied the motion. This appeal followed.

Summary judgment is proper when the evidence, construed in the nonmovant's favor, shows that no issue of material fact remains and the movant is entitled to judgment as a matter of law. A defendant may prevail on summary judgment "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

1. The trial court erred in not granting the County's motion for summary judgment because there is no evidence that the County waived its sovereign immunity. "The doctrine of sovereign immunity protects governments from legal action unless they have waived their immunity from suit. The immunity, at least for counties, may

---

[9] See id.
[1] Rhodes also sued Savannah River Utility and Stevenson and Palmer Engineering, Inc., but neither of these defendants is a party to this appeal.

only be waived by a legislative act which specifically provides that sovereign immunity is waived and the extent of such waiver." (Punctuation omitted.) *Williams v. Whitfield County*, 289 Ga. App. 301, 302 (656 SE2d 584) (2008).

In her response to the motion for summary judgment, Rhodes cites to OCGA § 36-92-2 for the proposition that the sovereign immunity of local government entities is waived up to specified limits for claims arising out of the "use of a covered motor vehicle." But, there is no evidence in the record that a county vehicle, motor or otherwise, caused the hole. The record shows only Rhodes's allegation that "the hole in the road was caused by county utilities being installed under and around the area." Rhodes claims that because county vehicles were used to install the utilities, the county's purchase of liability insurance waives its sovereign immunity under OCGA § 33-24-51. But unsupported allegations in pleadings and briefs are not evidence,[2] and the record shows no evidence of any kind as to who or what caused the hole in the road, much less that it was caused by a county-owned motor vehicle. "[M]ere speculation as to what might have caused the incident [is] insufficient to . . . withstand summary judgment." (Punctuation omitted.) *Johnson v. Dept. of Transp.*, 245 Ga. App. 839, 841 (538 SE2d 879) (2000).

Finally, and most importantly, Rhodes misapprehends the burden of proof in establishing waiver. She contends that the County was required to establish "that the defective road condition was not caused by use of [its] motor vehicle."

> Sovereign immunity is not an affirmative defense . . . that must be established by the party seeking its protection. Instead, immunity from suit is a privilege that is subject to waiver by the State, and the waiver must be established by the party seeking to benefit from the waiver. Thus, [Rhodes], not the defendants, had the burden of establishing that the county had waived sovereign immunity by purchasing liability insurance protection covering [her] claim.

(Punctuation and footnotes omitted.) *Spalding County v. Blanchard*, 275 Ga. App. 448, 449 (620 SE2d 659) (2005).

Rhodes has failed to submit evidence of any kind on this issue and therefore has failed to establish that the County waived sover-

---

[2] See *Jones v. City of Willacoochee*, 299 Ga. App. 741, 742 (683 SE2d 683) (2009) (allegations in complaint and opposition brief were not evidence for purposes of summary judgment resolution); *Wright v. Millines*, 217 Ga. App. 464, 466 (458 SE2d 488) (1995) (allegations in pleadings are not evidence).

eign immunity. Therefore, the trial court erred in denying the County's motion for summary judgment.

2. The trial court erred in not granting summary judgment to Lewis in her official capacity. Rhodes sued Lewis individually, and in her official capacity, alleging that she had been "negligent in failing to maintain the roadway in a safe condition, failing to warn approaching motorists of the hazard, negligently allowing the hazard to exist on the roadway and failing to fix a known hazard on the roadway." Rhodes's argument below[3] as to how Lewis may be liable in her official capacity is difficult to discern, and fails in any event because of our holding in Division 1 that the County is entitled to sovereign immunity.

A suit against Lewis in her official capacity is, in essence, a claim against the County, and Lewis may raise any defense available to the County, including sovereign immunity. *Gilbert v. Richardson*, 264 Ga. 744, 746 (452 SE2d 476) (1994). As previously stated, "[s]overeign immunity is not an affirmative defense that must be established by the party seeking its protection. Instead, immunity from suit is a privilege and the waiver must be established by the party seeking to benefit from the waiver." *Banks v. Happoldt*, 271 Ga. App. 146, 148 (608 SE2d 741) (2004). Here, Rhodes "advance[s] no argument nor make[s] any showing that an Act of the General Assembly specifically waived the sovereign immunity protecting [Lewis in her official capacity]." Id. at 148.

3. The trial court erred in not granting summary judgment to Lewis in her individual capacity.

> The doctrine of official immunity, also known as qualified immunity, offers public officers and employees limited protection from suit in their personal capacity. Qualified immunity protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption. Under Georgia law, a public officer or employee may be personally liable only for ministerial acts negligently performed or acts performed with malice or an intent to injure. The rationale for this immunity is to preserve the public employee's independence of action without fear of lawsuits and to prevent a review of his or her judgment in hindsight. Thus, damage suits are maintainable in this state against government officers and agents for failure to perform ministerial duties, but such officers and

---

[3] Rhodes did not file a brief on appeal.

employees are immune from negligence claims when the acts complained of involve a discretionary function of an office.

(Citation and punctuation omitted.) *Banks*, supra at 148.

The difference between ministerial and discretionary acts has been explained as follows:

A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed. Procedures or instructions adequate to cause an act to become merely ministerial must be so clear, definite and certain as merely to require the execution of a relatively simple, specific duty.

*Banks*, supra at 149.

Again, there is no evidence in the record of any procedures or instructions with regard to road maintenance or repair. "Absent such applicable standards, [Rhodes] cannot establish that the defendant['s] actions were ministerial — namely, that the procedures or instructions were so clear, definite and certain as merely to require the execution of a relatively simple, specific duty." (Punctuation omitted.) *Banks*, supra at 150. Further, this Court has already held that a county commissioner cannot be liable for "deciding when and how to work on roads[,] because such a decision [is] discretionary." *Hennessy v. Webb*, 245 Ga. 329, 331 (264 SE2d 878) (1980). See also *Banks*, supra at 153 (defendants entitled to summary judgment on all claims against them in their individual capacities because no evidence of established procedure directing road repair); *Brown v. Taylor*, 266 Ga. App. 176, 177 (596 SE2d 403) (2004) (absent a formal or written policy regarding road maintenance, county employees' duty to repair six-inch drop at road shoulder due to broken pavement was discretionary); *Standard v. Hobbs*, 263 Ga. App. 873, 876 (1) (589 SE2d 634) (2003) (action is ministerial only if county creates policy requiring certain actions under certain situations); *Norris v. Emanuel County*, 254 Ga. App. 114, 118-119 (561 SE2d 240) (2002) (decision on road repair was discretionary); *Kordares v. Gwinnett County*, 220 Ga. App. 848, 851 (470 SE2d 479) (1996) (absent county procedure dictating the method of inspection, road official's alleged negligent inspection was discretionary).

Accordingly, for all of the reasons set out above, Lewis was

entitled to official immunity for the claims brought against her in her individual capacity. It follows that the trial court erred in denying her motion for summary judgment on those grounds.

*Judgment reversed. Ellington and Doyle, JJ., concur.*

DECIDED DECEMBER 28, 2010.

*Oliver Maner, Benjamin M. Perkins*, for appellants.

*Donaldson & Donaldson, Jeffrey C. Donaldson, Ellis, Painter, Ratterree & Adams, Ryburn C. Ratterree, John P. Connell, Brannan, Searcey & Smith, David R. Smith*, for appellee.