**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**November 7, 2012**

# In the Court of Appeals of Georgia

A12A1172. WHITFIELD v. BROWN et al.

ANDREWS, Judge.

Patsy Whitfield appeals from the trial court's order granting summary judgment to Justeen Brown on Whitfield's claim for damages after she slipped and fell in a restroom at a Clayton County library. For reasons that follow, we affirm.

Viewed in the light most favorable to Whitfield as nonmovant,[1] the record shows that Brown, a library assistant, was working the morning that Whitfield fell in the restroom. Whitfield testified that she went into a stall in the ladies' bathroom and slipped on feces that were on the floor of the stall. Whitfield went to Brown, who was behind the reference desk, and told her about the accident. Brown stated that after she

---

[1] We note that Whitfield's appellate brief contains a short statement of facts. The rest of the brief contains extensive argument and references to evidence in the record with little or no citation to specific pages in the record.

was told about Whitfield's fall, she went directly to an inmate and told him to clean the bathroom.

The inmate stated that Brown asked him to clean the ladies restroom because someone had fallen due to "fecal matter" on the floor. The inmate testified that he went to the restroom, found feces on the floor and cleaned it.

Whitfield sued Brown, another library employee, and five John Does,[2] claiming negligence and gross negligence in the performance of their ministerial duties. Brown moved for summary judgment, contending that she had no duty to inspect or supervise cleaning of the restrooms, that her response in addressing a hazard was discretionary, and that there was no evidence that she had any knowledge of the hazard until Whitfield told her of it. The trial court, after a hearing, granted the motion for summary judgment without explanation.

> The doctrine of official immunity, also known as qualified immunity, offers public officers and employees limited protection from suit in their personal capacity. Qualified immunity protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption. Under Georgia law, a public officer or employee may be personally liable only for ministerial acts negligently performed or acts

---

[2] Justeen Brown is the only remaining defendant in this appeal.

performed with malice or an intent to injure. The rationale for this immunity is to preserve the public employee's independence of action without fear of lawsuits and to prevent a review of his or her judgment in hindsight. Thus, damage suits are maintainable in this state against government officers and agents for failure to perform ministerial duties, but such officers and employees are immune from negligence claims when the acts complained of involve a discretionary function of an office. The difference between ministerial and discretionary acts has been explained as follows: A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed. Procedures or instructions adequate to cause an act to become merely ministerial must be so clear, definite and certain as merely to require the execution of a relatively simple, specific duty.

*Effingham County v. Rhodes*, 307 Ga. App. 504, 506-507 (705 SE2d 856) (2010).

Further, under Georgia law, qualified immunity is an entitlement not to stand trial rather than a mere defense to liability. The issue of a government employee's qualified immunity must therefore be resolved as the threshold issue in a suit against the employee in his personal capacity. *Cameron v. Lang,* 274 Ga. 122, 124 (549 SE2d 341) (2001).

3

In this case, under Brown's list of duties as a library assistant, was the duty to maintain the cleanliness and general order of the library. Carol Stewart, the director of library services for the Clayton County Library System, testified by affidavit that this meant that Brown's duties were to keep the library and work space "tidy and organized." Brown had no duty with regard to maintaining the public restrooms. Further, there was no policy, practice or procedure in place at the library that created any duty on the part of the staff to handle cleaning or custodial jobs in the bathrooms that required immediate attention. There were inmates assigned to the library to address any custodial issues that arose during the day, and cleaning or custodial jobs that were required outside the scheduled cleaning routine were handled at the discretion of the library staff.

The law is that an action is ministerial only if the county creates policy requiring certain actions under certain situations. *Standard v. Hobbs*, 263 Ga. App. 873, 876 (589 SE2d 634) (2003). Brown stated that if there is a problem that you can clean up, you do so. "If there is a task bigger than what I think I can do then . . . I would ask an inmate, or I would tell a supervisor could she ask the inmate." Here, the evidence is undisputed that Brown chose to direct an inmate to clean the bathroom.

4

According to Whitfield, Brown said to her that "it should have already been cleaned up," when Whitfield told her about the hazard in the bathroom. Whitfield also points to the inmate's statement that he was told to clean the bathroom at eleven o'clock. She states that this was before her fall. Assuming this to be true, there is no evidence that Brown had any duty or responsibility to monitor the bathrooms or to check to see if the inmates were doing their jobs properly. Maintenance of the facilities was the job of the inmates, not a library assistant. Any follow-up that Brown may have chosen to do, would therefore have been discretionary.

Summary judgment is proper when the evidence, construed in the nonmovant's favor, shows that no issue of material fact remains and the movant is entitled to judgment as a matter of law. A defendant may prevail on summary judgment "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991).

Because there was no fixed policy in place for dealing with emergency cleaning situations, Brown did not have a "ministerial duty" to clean the bathroom. Further, even if Brown's duty to eliminate the hazard were ministerial, which it was not, she

appears to have carried out that duty. The undisputed evidence was that it was inmates who performed these services and there is no dispute that Brown notified an inmate of the problem. Whether and how often to check on the inmate's carrying out of the directives given him, would certainly be discretionary as there is no provision at all that a library assistant has any duty or responsibility to monitor the cleanliness of the bathrooms. See *Hemak v. Houston County School District*, 220 Ga. App. 110, 113 (469 SE2d 679) (1996) (school principal's duty to follow up and ensure that grate was properly repaired was discretionary).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*