**FIRST DIVISION
ELLINGTON, C. J.,
PHIPPS, P. J., and DILLARD, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**February 1, 2013**

# In the Court of Appeals of Georgia

A12A2280. GENTRY v. HUTCHINS et al.

ELLINGTON, Chief Judge.

Pursuant to a granted interlocutory appeal, Kevin Gentry challenges an order of the Superior Court of Athens-Clarke County, contending, inter alia, that the trial court erred in denying his motion for summary judgment on official immunity grounds in this trip and fall case. Because we conclude that Gentry was immune from suit, the trial court erred in denying Gentry's motion. Consequently, we must reverse.

Summary judgment is proper when the evidence, construed in the nonmovant's favor, shows that no issue of material fact remains and the movant is entitled to judgment as a matter of law. A defendant may prevail at summary judgment by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there

is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.

(Citation and punctuation omitted.) *Effingham County v. Rhodes*, 307 Ga. App. 504 (705 SE2d 856) (2010).

Viewed in the light most favorable to the non-movant, the record evidence shows that, on July 17, 2009, Georgia Hutchins drove to downtown Athens and parked her car on the street in the vicinity of 186 East Clayton Street. As she walked to the parking meter next to her parking space, she stepped in what she contends was a hole in the area of the street or curb and she fell onto the sidewalk. Hutchins fractured her ankle, and the break required surgery.

In her complaint,[1] Hutchins contended that the sidewalk and adjacent walking surface where she fell constituted a "known tripping hazard" that had been the subject

---

[1]Hutchins filed a complaint against "Athens Clarke-County," David Clark, the Director of the Athens-Clarke County Department of Transportation and Public Works, and Gentry, the Superintendent of the Streets and Drainage Division of the Public Works Department, alleging that the defendants negligently maintained the area and are responsible for her injuries and damages. Hutchins' husband also brought a claim for loss of consortium. Pursuant to a consent order, the superior court granted judgment on the pleadings in favor of the Unified Government of Athens-Clarke County. The remaining defendants, Clark and Gentry, moved for summary judgment on official immunity grounds. The trial court granted Clark's motion, but denied Gentry's.

of a repair work order in 2007 and another in 2008. She claimed that Gentry, who served Athens-Clarke County as the Superintendent of the Streets and Drainage Division of the Public Works Department, "was charged with the ministerial task of completing the ordered repair of the tripping hazard" and that he negligently failed to discharge that ministerial duty. In moving for summary judgment, Gentry argued that, as a matter of law, his alleged conduct was discretionary, rather than ministerial in nature and, therefore, that he is entitled to the protection of official immunity. Following a hearing, the trial court denied Gentry's motion, finding that questions of fact existed as to whether Gentry had a ministerial duty to repair the alleged hazard once he was made aware of it.

> The doctrine of official immunity, also known as qualified immunity, offers public officers and employees limited protection from suit in their personal capacity. Qualified immunity protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption. Under Georgia law, a public officer or employee may be personally liable only for ministerial acts negligently performed or acts performed with malice or an intent to injure. The rationale for this immunity is to preserve the public employee's independence of action without fear of lawsuits and to prevent a review of his or her judgment in hindsight. Thus, damage suits are maintainable in this state against government officers and agents for failure to perform ministerial duties,

3

but such officers and employees are immune from negligence claims when the acts complained of involve a discretionary function of an office. The difference between ministerial and discretionary acts has been explained as follows: A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed. Procedures or instructions adequate to cause an act to become merely ministerial must be so clear, definite and certain as merely to require the execution of a relatively simple, specific duty.

(Citations and punctuation omitted.) *Effingham County v. Rhodes*, 307 Ga. App. at 506-507 (3).

There is no evidence in the record that Gentry negligently performed a ministerial act.[2] Rather, the record shows that Gentry was a senior supervisor with wide discretion in managing the public works projects and employees in his division according to his personal deliberation and judgment. Gentry's supervisor, David Clark, the Director of the Public Works Department, had established no policies, procedures, or protocols that required Gentry to personally inspect the roadways or

---

[2] The plaintiffs have not alleged that Gentry acted with malice or an intent to injure.

4

any work that was performed by the work crews and inspectors in his division. Moreover, Clark did not instruct Gentry to directly supervise or inspect any repairs in the vicinity of Hutchins' fall on East Clayton Street. Clark is the only person with direct supervisory authority over Gentry. The record shows that the persons who directly supervised the work performed on East Clayton Street during the relevant period were a crew manager and an inspector, both of whom reported to Gentry. Moreover, the crew manager deposed that he had discretion to modify work orders as needed to make road repairs without first getting approval from Gentry or an intermediate supervisor.

The record contains only two documents that can be construed as written protocols, and they concern the generation of work requests within the Streets and Drainage Division for street and sidewalk repair and maintenance. Neither protocol establishes any specific inspection or repair duties for Gentry in his capacity as superintendent. Further, the work orders in the record concerning repairs to East Clayton Street were not signed by Gentry, but were signed by other managers or supervisors within his division. Thus, given that there is no evidence in the record of any procedures or instructions concerning Gentry's responsibility to inspect, maintain, or repair the road at issue in this case, there was no basis to conclude that

5

there existed any procedures or instructions adequate to cause an act to become merely ministerial. "Absent such applicable standards, [the plaintiffs] cannot establish that the defendant's actions were ministerial – namely, that the procedures or instructions were so clear, definite and certain as merely to require the execution of a relatively simple, specific duty." (Citation and punctuation omitted.) Id. at 507 (3). Rather, the record before us shows that Gentry's decisions were made in the personal judgment afforded government officials; consequently, his decisions are properly characterized as discretionary. See id. at 507-508 (3). Therefore, the trial court erred in denying Gentry's motion for summary judgment.[3]

*Judgment reversed. Phipps, P. J., and Dillard, J., concur.*

---

[3] Gentry's remaining claims of error are moot.