**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J. and BOGGS, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 14, 2013**

# In the Court of Appeals of Georgia

A12A1783. TAYLOR v. CAMPBELL                    DO-081

DOYLE, Presiding Judge.

Ramone Taylor, a Sergeant with the DeKalb County Sherrif's Department, appeals from the denial of his motion for summary judgment in a slip-and-fall suit brought by Raquel Campbell, who was on her way to work at the DeKalb County jail. The trial court denied Taylor's motion on the ground that issues of fact remained as to whether he was entitled to official immunity from personal liability. We reverse because the record lacks facts disputing the evidence that Taylor's liability, if any, is premised on his performance of discretionary functions entitling him to official immunity.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] "[O]n appeal from the denial or grant of summary judgment[,] the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law."[2]

So viewed, the record shows that Campbell was injured on her way to work in a DeKalb County jail facility, when she slipped and fell on a puddle of water upon exiting an elevator at the jail. It is undisputed that at the relevant time Sergeant Taylor's jail duties included supervising four to six detention officers who oversaw an inmate work crew who performed floor cleaning and maintenance at the jail. It is further undisputed that Taylor did not himself perform the work of maintaining the floors; instead he determined "what tasks the detention officers should instruct their work crew to perform, when they should be performed, and at times how the work should be done." He was performing these supervisory duties on the day Campbell was injured, but he was not responsible for physically performing the work himself.

---

[1] See OCGA § 9-11-56 (c).

[2] *Benton v. Benton*, 280 Ga. 468, 470 (629 SE2d 204) (2006).

2

There is no evidence that Taylor observed or knew about the puddle of water before Campbell fell.

Based on Taylor's supervisory role, Campbell sued him in his official and personal capacity. After Taylor moved to dismiss the suit, Campbell conceded that Taylor was immune from suit in his official capacity, but she maintained her action for personal liability, and the trial court denied Taylor's motion to dismiss. Taylor then moved for summary judgment, arguing that he was entitled to official immunity because he was performing discretionary (not ministerial) functions when Campbell was injured. The trial court denied the motion, giving rise to this appeal.[3]

> The doctrine of official immunity, also known as qualified immunity, offers public officers and employees limited protection from suit in their personal capacity. Qualified immunity protects individual public agents from personal liability for discretionary actions taken

---

[3] Although the order appealed from is interlocutory, we have jurisdiction under the collateral order doctrine. Like sovereign immunity, official immunity is "an entitlement not to stand trial rather than a mere defense to liability." *Cameron v. Lang*, 274 Ga. 122, 124 (1) (549 SE2d 341) (2001) (punctuation and footnote omitted). And this Court has held that an order denying such an immunity claim is appealable under the collateral order doctrine because "the order . . . conclusively determine[s] the disputed question, resolve[s] an important issue completely separate from the merits of the action, and [is] effectively unreviewable on appeal from a final judgment." (Punctuation omitted.) *Bd. of Regents of the University Sys. of Ga. v. Canas*, 295 Ga. App. 505, 507 (1) (672 SE2d 471) (2009).

within the scope of their official authority, and done without wilfulness, malice, or corruption. Under Georgia law, a public officer or employee may be personally liable only for ministerial acts negligently performed or acts performed with malice or an intent to injure. The rationale for this immunity is to preserve the public employee's independence of action without fear of lawsuits and to prevent a review of his or her judgment in hindsight. Thus, damage suits are maintainable in this [S]tate against government officers and agents for failure to perform ministerial duties, but such officers and employees are immune from negligence claims when the acts complained of involve a discretionary function of an office. The difference between ministerial and discretionary acts has been explained as follows: A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed. Procedures or instructions adequate to cause an act to become merely ministerial must be so clear, definite and certain as merely to require the execution of a relatively simple, specific duty.[4]

Here, in support of his summary judgment motion, Taylor relied upon his affidavit, which contains the material following facts:

---

[4] (Punctuation omitted.) *Gentry v. Hutchins*, __ Ga. App. __, __ (Case No. A12A2280; decided Feb. 1, 2013), citing *Effingham County v. Rhodes*, 307 Ga. App. 504, 506-507 (3) (705 SE2d 856) (2010).

[A]s a Sergeant with the DeKalb County Sheriff's Office, I have worked in the capacity as a supervisor at the DeKalb County Jail with the responsibility of overseeing a group of (4) four to (6) six detention officers who in turn oversee an inmate work crew who perform the general cleanup, painting, trash removal, floor maintenance[,] and handle other general sanitary matters at the DeKalb County Jail.

As a supervisor, my responsibility is to oversee a group of (4) four to (6) six detention officers. This responsibility involves making situational determinations about what tasks the detention officers should instruct their work crew to perform, when they should be performed[,] and at times how the work should be done. I do not physically perform the work of maintaining the floors at the DeKalb County Jail.

On or about [the date in question], I oversaw a group of (4) four to (6) six detention officers. On or about this date my job responsibilities did not include physically performing the work involved with maintaining the floors at the DeKalb County Jail.

On or about [the date in question], I did not observe nor did it come to my knowledge that a puddle of water existed on the floor outside of an elevator at the DeKalb County Jail.

At no time whatsoever . . . did I injure or cause harm, nor did I intend to injure or cause harm to anyone while performing my responsibility to oversee a group of (4) four to (6) six detention officers or with regard to any of the responsibilities I performed.

The trial court concluded that the affidavit

> does not make clear, for instance, whether [Taylor] was on the scene around the time that the puddle was present or Plaintiff slipped and fell in a puddle of water on the floor. If Defendant was present, he possibly was negligent in not seeing the puddle. Merely applying the rubric of "supervision" to his activities without more detailed testimony does not establish that Defendant was free of negligence in performing a ministerial duty.

For this reason, the trial court ruled that Taylor had not shown he was engaged in purely discretionary functions, so he was not entitled to summary judgment on his immunity defense.

Nevertheless, "[t]here is no evidence in the record that [Taylor] negligently performed a ministerial act."[5] The only evidence in the record is that Taylor supervised officers who supervised inmates who did the floor cleaning work. It is undisputed that Taylor did not personally perform the work of maintaining the floors, and there is no evidence that he routinely was required to or did personally inspect the floors while performing his supervisory function. Despite the absence of evidence in the record, the trial court speculated that Taylor could have been present and seen

---

[5] *Gentry*, __ Ga. App. at __.

6

the puddle of water. But "[g]uesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment."[6] "[A]lthough the nonmoving party on a motion for summary judgment is entitled to the benefit of all reasonable inferences to be drawn from the evidence, such inferences cannot be based on mere conjecture or possibility or upon evidence which is too uncertain or speculative."[7] Accordingly, the trial court erred by imputing to Taylor some personal, ministerial involvement in the cleaning even though the evidence did not support such an inference.

Taylor's affidavit appropriately describes his role as supervisor as a discretionary, not ministerial, function. Our courts have previously held that supervisory actions similar to those described in Taylor's affidavit lack the simple, absolute, and definite character of ministerial acts,[8] and we find no reason to depart

---

[6] (Punctuation omitted.) *Isbell v. Credit Nation Lending Serv., LLC*, __ Ga. __, __ (2) (a) (ii) (735 SE2d 46) (2012).

[7] (Punctuation omitted.) *Ladner v. Northside Hospital, Inc.*, 314 Ga. App. 136 (723 SE2d 450) (2012).

[8] See, e.g., *Parrish v. State*, 270 Ga. 878, 879-880 (514 SE2d 834) (1999) ("the supervision of a prisoner work detail is a discretionary function by virtue of which the supervisor is entitled to official immunity"); *Reece v. Turner*, 284 Ga. App. 282 (1) (643 SE2d 814) (2007) ("decisions concerning the supervision of students and school personnel are considered discretionary, 'even where specific school policies

from that conclusion with respect to Taylor's role here. Therefore, Taylor's actions were discretionary, and he is entitled to official immunity as to any personal liability arising from Cambell's complaint.

*Judgment reversed. Andrews, P. J. and Boggs, J., concur.*

---

designed to help control and monitor students have been violated.'"). See also *Whitfield v. Brown*, 318 Ga. App. 391, 393 (734 SE2d 98) (2012) ("an action is ministerial only if the [government employer] creates policy requiring certain actions under certain situations"); *Hendricks v. Dupree*, 311 Ga. App. 96, 99 (1) (714 SE2d 739) (2011) (supervision of grass cutting is discretionary when done without an "established policy addressing the timing, manner or method of execution of the cutting of the grass").