**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 14, 2014**

# In the Court of Appeals of Georgia

A13A2280. ROBERSON v. McINTOSH COUNTY SCHOOL DISTRICT et al.

BRANCH, Judge.

In this negligence action against defendants McIntosh County School District, the District's employee Shyrl Washington, and its insurer Standard Insurance Company, plaintiff Rita Roberson alleges that Washington failed to advise Roberson adequately as to the conversion of her husband's group life insurance policy to an individual policy after his retirement but before his death. A trial court granted summary judgment to all three defendants on the ground that Washington was performing a discretionary rather than ministerial duty when she advised Roberson such that defendants were protected from suit by official immunity. On Roberson's appeal from this holding, we find no error and affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." (Citations and punctuation omitted.) *Walker v. Gwinnett Hosp. System*, 263 Ga. App. 554, 555 (588 SE2d 441) (2003). A trial court's grant of summary judgment is reviewed de novo on appeal, construing the evidence in the light most favorable to the nonmovant. *Ethridge v. Davis*, 243 Ga. App. 11, 12 (530 SE2d 477) (2000). Once the party moving for summary judgment has made a prima facie showing that it is entitled to judgment as a matter of law, the non-movant must then come forward with rebuttal evidence sufficient to show the existence of a genuine issue of material fact. *Weldon v. Del Taco Corp.*, 194 Ga. App. 174-175 (390 SE2d 87) (1990).

Viewed in favor of Roberson as the non-movant, the record shows that Joseph Roberson was employed by the McIntosh County School District and was covered under its group life insurance policy. On December 2, 2009, Mr. Roberson became ill and was hospitalized the following week. Shortly afterward, Roberson spoke with Washington, the District's payroll and benefits manager, about using her husband's sick days if his medical coverage were to lapse. The District had no specific procedure or policy specifying how Washington was to assist county employees with retirement or insurance planning.

On February 4, 2010, Roberson met with Washington and presented her with an executed power of attorney granting Roberson authority to conduct all of her husband's affairs. With Washington's help, Roberson accessed the county's teacher retirement website and completed the forms necessary to effectuate her husband's retirement and to obtain his pension and other benefits, including health insurance. When Roberson asked about her husband's life insurance policy, Washington explained that Roberson would have to convert his group life policy to an individual policy and that this would involve filling out an application and paying a first month's premium higher than that required under Mr. Roberson's existing group policy. When Roberson asked what she needed to do to convert the policy, Washington advised her that she did not have an updated premium chart for retired teachers, left a voicemail with another office on the subject, and told Roberson she would mail her the chart when Washington received it. According to Roberson, Washington stressed that it was "imperative" that Roberson accomplish this conversion within 30 days of their meeting. Roberson testified that she knew on and after the date of her meeting with

Washington that her husband "did not have long to live" and that his life insurance benefits were needed to pay expenses and the couple's mortgage.[1]

Roberson never received the updated premium chart from Washington. Although Roberson spoke to Washington twice on the telephone in February about other matters associated with her husband's retirement, Roberson never asked Washington about the life insurance conversion during these conversations and did not contact Washington or anyone else at the District on the subject after the February 4, 2010 meeting. Moreover, and although Roberson understood that it would have been her responsibility to make payments directly to the insurer under a converted policy, she made no such payments after February 4, 2010. Mr. Roberson died in July of that year.

In August 2011, Roberson brought this action alleging that Washington's negligence caused her to lose the $150,000 death benefit she would have collected had she successfully converted her husband's group life insurance policy to an individual

---

[1] Washington testified that although she normally gives a departing employee the appropriate forms for converting a group policy to an individual one, she did not give Roberson such forms because Roberson was interested only in maintaining her health insurance.

policy after his retirement but before his death. All three defendants moved for summary judgment, which the trial court granted. This appeal followed.

1. As a preliminary matter, we note that Roberson has not appealed the grant of summary judgment to Washington in her official capacity and to the District on the issue of their sovereign immunity from suit. Rather, Roberson argues that Washington's failure to send her the updated premium chart violated a ministerial duty such that Washington herself cannot benefit from official immunity. We disagree.

Under Georgia law, official or qualified immunity is an entitlement not to stand trial rather than a mere defense to liability. The issue of a government employee's official immunity must therefore be resolved as the threshold issue in a suit against the employee in his personal capacity. See *Cameron v. Lang*, 274 Ga. 122, 124 (1) (549 SE2d 341) (2001).

> The doctrine of official immunity, also known as qualified immunity, offers public officers and employees limited protection from suit in their personal capacity. Qualified immunity protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption. Under Georgia law, a public officer or employee may be personally liable only for ministerial acts negligently performed or acts

performed with malice or an intent to injure. The rationale for this immunity is to preserve the public employee's independence of action without fear of lawsuits and to prevent a review of his or her judgment in hindsight.

(Citation and punctuation omitted.) *Grammens v. Dollar*, 287 Ga. 618, 619 (697 SE2d 775) (2010). Our Supreme Court distinguishes ministerial and discretionary acts in this way:

A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.

(Citations omitted.) Id. Whether the act of a public official is ministerial or discretionary is determined by the facts relevant to the official act or omission from which liability is alleged to arise. Id. at 620. As this Court has often held, "an action is ministerial only if [a] county creates policy requiring certain actions under certain situations." *Whitfield v. Brown*, 318 Ga. App. 391, 393 (734 SE2d 98) (2012), citing *Standard v. Hobbs*, 263 Ga. App. 873, 876 (1) (589 SE2d 634) (2003).

6

> Where there is an established policy requiring an official to take specified action in a specified situation, the policy creates a ministerial duty on the part of the official to perform the specified task. . . . *In order for the written policy to impose a ministerial duty, the policy must mandate simple, absolute, and definite action and require the execution of a specific task without any exercise of discretion*.

(Citation omitted; emphasis supplied.) *Grammens*, 287 Ga. at 620; see also *Hendricks v. Dupree*, 311 Ga. App. 96, 99 (1) (714 SE2d 739) (2011).

Here, it is undisputed that no written policy stated the extent of Washington's general responsibility to assist county employees and their families with retirement decisions, including their insurance needs. As we have repeatedly held, an employee's responsibilities necessarily involve the exercise of discretion when no written policy describes the extent of those responsibilities. *Hendricks*, 311 Ga. App. at 99 (1) (supervision of grass cutting was discretionary when done without an "established policy addressing the timing, manner or method of execution of the cutting of the grass"); *Perkins v. Morgan Ctyl. School Dist.*, 222 Ga. App. 831, 836 (2) (476 SE2d 592) (1996) (granting early dismissal to students was discretionary because "monitoring, supervising, and controlling student activities involve discretionary decisions, even when rules regarding these activities have been promulgated").

7

Moreover, even if we to assume that Washington created a reasonable expectation that she would follow up her advisory session with Roberson by sending her an updated version of the life insurance premium chart, there is no suggestion or proof that Washington acted with wilfulness, malice, or corruption when she failed to do so. See *Middlebrooks v. Bibb County*, 261 Ga. App. 382, 386 (2) (582 SE2d 539) (2003) (summary judgment properly granted to county officers and employees under official immunity when there was no proof that they acted with willfulness, malice or corruption in their dealings with prison inmates).

Because Washington was performing a discretionary function at all times during her dealings with Roberson, and because Washington did so without willfulness, malice or corruption, Washington is protected from suit by official immunity. *Hendricks*, 311 Ga. App. at 99 (1) (county superintendent of roads had official immunity against suit alleging that county was negligent for failing to supervise employees responsible for cutting the grass in front of the concrete culvert struck by plaintiff's truck); *Hemak v. Houston County School Dist.*, 220 Ga. App. 110, 113 (469 SE2d 679) (1996) (because school principal's and teacher's duty to ensure that damaged storm drain grate was properly repaired was discretionary, the principal

8

and teacher were immune from suit arising from plaintiff's fall through the damaged grate); *Middlebrooks*, 261 Ga. App. at 386 (2).

2. As we have noted above, Roberson has not asserted any error concerning the trial court's grant of summary judgment to the District, with the result that the judgment as to the District stands as rendered.

3. Finally, Roberson has not shown either that Standard issued an individual life insurance policy to her husband before his death or that Standard is precluded from raising a defense of non-coverage.

It is undisputed that Mr. Roberson's coverage terminated no later than March 10, 2010, the effective date of his retirement; that Roberson never applied to convert her husband's group policy into an individual policy; and that Standard, the District's insurer, never received any payments from either of the Robersons. Even assuming that Washington was acting as Standard's agent as to Mr. Roberson, he never became the beneficiary of an individual life insurance policy issued by Standard, and Roberson herself did not take sufficient care to accomplish the transfer to an individual policy. For all these reasons, Roberson cannot show that the trial court erred when it granted Standard summary judgment on its defense of non-coverage. See *Smith v. Founders Life Ins. Co.*, 175 Ga.App. 262, 263 (333 SE2d 5) (1985)

9

(insurer was properly granted summary judgment where there was no evidence that the insurer collected any premium payments from an otherwise eligible employee who died before going back to active work, at which time a new insurance policy would have taken effect; under the "unambiguous" terms of the policy, "the coverage never took effect as to him"); *Weston v. Dun Transp*., 304 Ga. App. 84, 87-88 (1) (695 SE2d 279) (2010) (affirming grant of summary judgment when evidence showed as a matter of law that plaintiff could have avoided the consequences of a defendant's negligence by the exercise of ordinary care but failed to do so).

For these reasons, the trial court did not err when it granted defendants' motions for summary judgment.

*Judgment affirmed. Phipps, C. J., and Ellington, P. J., concur*.